UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                  :
                                            :
                    Plaintiff,              :   **MEMORANDUM &**
                                            :   **ORDER DENYING**
        -against-                           :   **DEFENDANT'S MOTION**
                                            :   **FOR SENTENCE**
LUIS CIRINO,                                :   **REDUCTION**
                                            :
                    Defendant.              :   3:17-CR-232-1 (VDO)
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Before the Court is a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, initially filed *pro se* by Defendant Luis Cirino and supplemented by Cirino's counsel. (ECF Nos. 439, 446.) The Government opposed, and Cirino replied. (ECF Nos. 450, 451.) After careful consideration of the record, including the parties' briefing and the United States Probation Office's supplement to the Presentence Investigation Report (Suppl. PSR, ECF No. 441), the Court **denies** Cirino's motion.

I.      **BACKGROUND**

On January 22, 2019, pursuant to a plea agreement with the Government, Cirino pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(l)(A), and 846. (ECF Nos. 277–79.) Cirino stipulated that he was an organizer and leader of criminal activity that involved at least five participants and was otherwise extensive. (ECF No. 278 at 4.) The sentencing court accepted the plea, finding that it was knowingly, voluntarily, and intelligently made with the effective assistance of counsel. (ECF No. 283.)

Cirino's Sentencing Guidelines range was 135 to 168 months' imprisonment, based on an offense level of 31 and a criminal history category of III. (ECF No. 346 at 21; ECF No. 437 at 24:21-25:1.) The Government urged the sentencing court to impose a sentence at the top of the applicable Guidelines range, noting that, while on federal supervised release, Cirino engaged in the following conduct:

> a sophisticated and cynical pattern of conduct by which he arranged for a number of multi-kilogram packages of cocaine to be shipped from Puerto Rico to Connecticut, recruited several of his codefendants, including his brother and some good friends, to accept the packages for him, and had much of the cocaine distributed by his brother and one of his friends, all for substantial profit.

(ECF No. 334 at 3–4.) Cirino sought a sentence of 120 months' imprisonment, noting that he facilitated his co-defendants' pleas, that rates of recidivism decrease with age, that he is not in good health, and that his life history provides an explanation for his actions. (ECF No. 335 at 2–11.)

At a sentencing hearing on April 29, 2019 (ECF No. 338), Judge Bryant imposed a sentence of 135 months' imprisonment, followed by five years of supervised release. (ECF No. 344.) It is projected that Cirino will be released on July 6, 2026. (Suppl. PSR at 2.)

## II. <u>LEGAL STANDARD</u>

"With limited exceptions, 'a judgment of conviction that includes [a sentence to a term of imprisonment] constitutes a final judgment,' and a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(b)–(c)). Section 3582(c)(2) of Title 18 provides a "'narrow exception' to this general rule of finality," *id.*, providing that "where a defendant was sentenced to a term of imprisonment based on a sentencing guidelines range that was subsequently lowered by the Sentencing Commission, a court may reduce the

term of imprisonment 'after considering the factors set forth in section 3553(a) . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)).

Amendment 821 to the United States Sentencing Guidelines Manual, effective November 1, 2023, applies retroactively to "change[] the way a defendant's criminal history category is calculated." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024). In determining whether to apply a retroactive Guidelines amendment to a defendant's sentence, "courts must arrive at two conclusions before reducing a sentence: first, the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion, must find that a reduction is merited." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### III.     DISCUSSION

#### A.     Cirino is Eligible for a Reduction in Sentence

The Court finds that Cirino qualifies for a reduction in his sentence.

Part A of Amendment 821 "addresses 'status points,' which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case." *United States v. Torres*, No. 06-CR-987-07 (DC), 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024). "The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points." *Id.* (citing U.S.S.G. § 4A1.1(e)).

The parties agree Cirino's criminal history points are recalculated due to the retroactive application of Part A of Amendment 821 and, consequently, the Court may exercise discretion to reduce Cirino's sentence of imprisonment from 135 months to 121 months. (ECF No. 450 at 1; ECF No. 446 at 1.) At sentencing in this case, the original Guidelines calculation included an assessment of five criminal history points, criminal history category III, a total offense level of 31, and a Sentencing Guidelines range of 135 to 168 months. (Suppl. PSR at 2.) The application of Part A of Amendment 821 results in an assessment of three criminal history points, criminal history category II, a total offense level of 31, and a Sentencing Guidelines range of 121 to 151 months. (*Id.*)

Because Cirino's Guidelines range is calculated to be 121 to 151 months, as opposed to 135 to 168 months, Cirino is eligible for a reduction in sentencing under 18 U.S.C. § 3582(c)(2).

**B.     Factors Weigh Against Reduction of Cirino's Sentence**

While Cirino qualifies for a sentence reduction, the Court concludes that the factors set forth in 18 U.S.C. § 3553(a) and Cirino's post-sentencing conduct weigh against reduction of Cirino's sentence.

To determine whether to exercise discretion to reduce a sentence, a court "consider[s] the factors set forth in 18 U.S.C. § 3553(a) as well as the 'nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment.'" *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (quoting 18 U.S.C. § 3553(a) § 1B1.10, Application Note l(B)(i)–(ii)). The Section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" as well as "the need for the sentence imposed . .

4

. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1)–(2). A court may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." 18 U.S.C. § 3553(a) § 1B1.10, Application Note l(B)(iii).

The factors set forth in Section 3553(a) weigh against a reduction of Cirino's sentence. First, regarding "the nature and circumstances of the offense," there is no doubt that Cirino's conduct was serious and harmful to the community. Cirino was the leader of a cocaine distribution operation in which he received multi-kilogram shipments of cocaine from Puerto Rico through the mail and distributed his supply in multiple states with the help of other codefendants. (PSR, ECF No. 309, ¶ 15.) As noted by Judge Bryant, Cirino's offense involved a large amount of drugs that were cut, thereby multiplied, and sold as a cocaine base. (Tr., ECF No. 437, at 22:4-9.) Many thousands of drug doses were dispensed as a result of Cirino's conduct. (*Id*.) While Cirino represented that he did not want to hurt anyone, Judge Bryant found that, based on Cirino's personal experiences, Cirino "certainly knew that he was hurting his customers, that he was certainly hurting the children of his customers." (*Id.* at 22:10-16.) Here, for the reasons stated by Judge Bryant, the Court finds that the seriousness of Cirino's offense weighs against exercising discretion to reduce his sentence.

As to the "history and characteristics of the defendant," the Court finds that Cirino's extensive history of criminal activity weighs against reducing his sentence. Cirino has a prior state conviction for conspiracy to commit assault in the second degree and prior federal

5

convictions for possession with intent to distribute 50 grams or more of cocaine base and possession of a firearm by a convicted felon. (Suppl. PSR at 3.) While on supervised release, Cirino committed, and was convicted of, new federal drug charges in this action. (PSR ¶¶ 15, 98.) At sentencing, Cirino received a four-level enhancement because he organized or led criminal activity involving five or more participants. (*Id.* ¶ 25.)

In light of Cirino's serious offense and extensive history of criminal activity, the Court finds that the purposes of sentencing—including "promot[ing] respect for the law," "provid[ing] just punishment for the offense[,]" "afford[ing] adequate deterrence to criminal conduct[,]" "protect[ing] the public from further crimes of the defendant[,]" and rehabilitation—would not be served by reducing Cirino's sentence. Notably, Cirino previously received a 168-month sentence for a federal crack cocaine conspiracy and firearm offenses, which was later reduced to 120 months. (PSR ¶ 39.) Cirino was then arrested on new federal drug charges just under two years into his five-year term of supervised release (*Id.* ¶ 15.) These circumstances show a significant need for deterrence, and they undermine any assertion that there is no danger posed to the community if Cirino is released early.

Finally, Cirino's post-sentencing conduct weighs against a reduction in his sentence. While the Court commends Cirino for his completion of a variety of programing and employment while confined at FCI Fort Dix, the Court finds that Cirino's receipt of a disciplinary citation in July 2021 for "Escape" weighs against the Court exercising discretion to reduce Cirino's sentence. (Suppl. PSR at 3.)

Accordingly, the Court concludes that a reduction in sentence is not warranted at this time based on the Section 3553(a) sentencing factors and Cirino's post-sentencing conduct.

6

## IV. CONCLUSION

For the foregoing reasons, Cirino's motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) (ECF Nos. 439, 446) is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
March 12, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge